**STATE, ex rel. CHAPMAN, Plaintiff, v. PORTERFIELD, Dir., Defendant.**

Ohio Appeals, Second District, Franklin County.

No. 5397. Decided January 27, 1956.

Robert R. Freda, Columbus, for plaintiff.

C. William O'Neill, Atty. Genl., William A. Carroll, Asst. Atty. Genl., Columbus, for defendant.

### OPINION

By MILLER, PJ.

This is an original action in mandamus wherein the petitioner alleges that he is incarcerated in the Franklin County jail under a detainer order issued by or under the control or authority of the defendant; that §§5119.01 and 5119.10 R. C., requires the defendant to make and prescribe rules and regulations for the control and performance of all duties imposed upon the Department of Mental Hygiene and Correction; that said

statutes have been in force and effect for more than one year and that the defendant has failed, refused and neglected to promulgate such rules and regulations required by said statutes. He prays for an alternative writ of mandamus requiring the defendant "to make and prescribe rules and regulations to control the performance of the duties conferred upon his department, and to coordinate the work of the Pardon and Parole Commission with that of the division, and which will protect and preserve the rights of the petitioner as a citizen of the United States, from any trespass or invasion by the State of Ohio, its agents, officers and servants within the Department of Mental Hygiene and Correction, prohibited and forbidden to the State of Ohio, its officers and servants by the Constitution, and laws of the United States."

To this petition a demurrer has been filed on the ground that the petition fails to state sufficient facts to show a cause of action. The defendant urges, and we think properly so, that the prayer of the petition is so vague and indefinite as to be virtually incomprehensible and incapable of enforcement by any writ of mandamus. It does not appear to us that it is necessary for the Director to promulgate any rules or regulations in order to protect the constitutional and legal rights of this petitioner. If his constitutional and legal rights are being invaded by way of trespass he must, perforce, have an adequate remedy at law against those who have perpetrated the invasion.

The petitioner also fails to suggest what specific rules or regulations should be promulgated by the Director and if a writ of mandamus were capable of being issued in this case it should be of sufficient definiteness as to apprise the defendant of precisely what the court will require him to do. The vague generalities requested by the defendant could lead to the adoption by the Director of rules and regulations which were merely a restatement of the statutory laws.

It further appears that the petitioner has failed to allege that he has been in any way affected by the alleged failure of the Director to promulgate the rules and regulations which he claims are mandatory. It is alleged that he is incarcerated by virtue of a detainer issued under the authority of the Director, but he does not allege that either his incarceration or the detainer pursuant to which he was incarcerated was the result of the failure of the Director to prescribe any rules or regulations in that regard.

It is stated in **State, ex rel. Skilton v. Miller, 164 Oh St 163**, in the syllabus:

"1. A relator, in order to maintain an action in mandamus, must have a beneficial interest in the act sought to be compelled.

"2. If no legal right of a person can be affected by the failure of a public official to act in any given matter, such person does not have a beneficial interest such as will permit him to maintain an action in mandamus to require such official to so act."

It is our conclusion that the petition fails to state a cause of action and the demurrer is sustained.

HORNBECK, J, concurs.
WISEMAN, J, not participating.